THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ESTATE OF DAMARION BYRD, as) | | |
| Duly anticipated administrator and ) | | |
| Next of kin, CHESTER BYRD, and ) | | |
| CHESTER BYRD, individually, ) | | |
| ) | | |
| *Plaintiffs,* ) | CIVL ACTION | |
| ) | FILE NO. | |
| vs. ) | | |
| ) | | |
| SENTINEL OFFENDER ) | | |
| SERVICES, LLC, XYZ Corp. I-II ) | | |
| ) | | |
| ) | | |
| *Defendants.* ) | | |

## **DEFENDANT SENTINEL OFFENDER SERVICES, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C.A. § 1446, Defendant Sentinel Offender Services, LLC, respectfully and timely files this Notice of Removal to the United States District Court for the Northern District of Georgia, Atlanta Division, showing the Court as follows:

## **Commencement of State Court Action**

1.

On February 14, 2024, Plaintiffs filed a wrongful death lawsuit against the above-named Defendant in the State Court of Gwinnett County, Georgia, which is

within the Northern District of this Court. (*See* 28 U.S.C. § 90(a)(2)).

2.

On February 15, 2024, Defendant Sentinel was served with Plaintiffs' Complaint and associated summons via service of process on its registered agent in Georgia. A true and correct copy of Plaintiff's Complaint with the associated summons is attached as **Exhibit 1** to this Notice of Removal.

3.

On March 15, 2024, Sentinel timely filed its Answer and Defenses to Plaintiffs' Complaint in the State Court of Gwinnett County, Georgia. A true and correct copy of Sentinel's Answer and Defenses to Plaintiffs' Complaint is **Exhibit 2** to this Notice.

## **Diverse Citizenship of Parties**

4.

Defendant Sentinel Offender Services, LLC is a foreign limited liability company which was formed under the laws of the State of Delaware. Its principal place of business is in the State of California.[1]

---

[1]     **Ex. 3** – Collective Public Records Relevant to Citizenship of Sentinel Entities.

5.

Defendant's citizenship for purposes of diversity jurisdiction is determined by the citizenship(s) of its members because Defendant is an LLC.  Put another way, Defendant is a citizen of every state where any of its members is a citizen. (*See* 28 U.S.C.A. § 1332(c)).

6.

Defendant Sentinel has a single member: Sentinel Advantage, LLC, a Delaware limited liability company with its principal place of business in California. (*See* Ex. 3).

7.

Sentinel Advantage, LLC also has a single member: Sentinel Offender Holdings, LLC.[2]

8.

Sentinel Offender Holdings, LLC is a Delaware limited liability company with its principal place of business in California. (*See* Ex. 3).  The sole member of Sentinel Offender Holdings is Bison Capital Partners IV, L.P., a Delaware limited

---

[2]     As the Court is likely aware, the organizational documents for LLC's showing the members of same typically are not filed as public records when LLC's file initial applications to register as a foreign limited liability company and/or subsequent filings with secretaries of state.

partnership with its principal place of business in California. (Ex. 3).

9.

Per the federal rules governing citizenship for purposes of jurisdiction, Defendant Sentinel Offender Services, LLC is a resident of every state of which any of its members is a citizen, and as set forth above, despite the multi-tiered analysis required to fully determine the citizenship of Defendant's members, the only 2 states of which Sentinel Offender Services, LLC is a citizen are Delaware and California.

10.

Plaintiffs are citizens of the State of Georgia.[3]

11.

Accordingly, diversity of citizenship exists between the parties as contemplated by 28 U.S.C. § 1332(a)(1).

## **Amount in Controversy**

12.

Plaintiffs' Complaint does not assign a specific monetary value to the damages Plaintiffs seek, but indicates that Plaintiffs "seek all special damages, economic losses, medical expenses, funeral and burial expenses, necessary

---

3      Ex. 1 - Complaint, ¶ 3.

expenses, pain and suffering, and all … damages permissible under applicable law."[4]

13.

Where, as here, a complaint makes an unspecified demand for damages, the rule in the Eleventh Circuit is that "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement [of alleged damages greater than $75,000.00]"[5]  In some cases, meeting the preponderance of the evidence burden requires the removing defendant to provide extrinsic evidence demonstrating that removal is proper, particularly where the amount in controversy is not facially apparent from the pleadings.[6]

14.

Here, Plaintiffs have asserted a wrongful-death action stemming from the death of a minor.  It is axiomatic that the amount of controversy exceeds $75,000.00. Additionally, federal courts have routinely held that pre-suit settlement offers and demands may be considered in evaluating whether the jurisdictional amount required for removal is satisfied.[7] As to this issue, the undersigned counsel respectfully states

---

4      Id., ¶ 2.
5      Marshall v. Georgia CVS Pharmacy, L.L.C., 580 F. Supp. 3d 1301, 1307 (N.D. Ga. 2022).
6      Id.
7      See, e.g., La Rocca v. Stahlheber, 676 F. Supp. 2d 1347 (S.D. Fla 2009).

in its place that, in February of 2024, Plaintiffs made a pre-suit demand well above $75,000.00.[8] Accordingly, the amount in controversy in this action exceeds that threshold amount.

## Satisfaction of Removal Requirements

### 15.

Because there is complete diversity of citizenship between the parties to this action and Defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.[9]

### 16.

In accordance with 28 U.S.C. § 1446(a), Defendant attaches as **Exhibit 4** to this Notice copies of all process, pleadings, and orders served on Defendant in the state court action to date - civil action file number 24-C-01288-S6 in the State Court of Gwinnett County, Georgia - which have not previously been included in Exhibits 1 and 2.

---

8    To preserve the confidentiality of Plaintiffs' pre-suit demand, Defendant has not attached it to this notice.  At the Court's direction, Defendant will supplement this pleading and attach a copy of Plaintiffs' demand.

9    Although Plaintiff has also named "XYZ" corporate defendants (*i.e.,* "John Doe defendants"), 28 U.S.C. § 1441(b) provides that the citizenship of defendants sued under fictitious names shall be disregarded.

17.

As of the date of the filing of this Notice, Defendant Sentinel Offender Services, LLC is the only non-fictitious defendant in the state court action. It follows that all defendants who have been served with process in the state court action join in the removal of this case to this Court.

18.

Defendant will promptly provide written notice of the filing of this Notice of Removal to Plaintiff in compliance with 28 U.S.C. § 1446(d).  Also pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file with the Clerk of the State Court of Gwinnett County and serve on Plaintiffs a Notice of Filing of Notice of Removal.[10]

WHEREFORE, Defendant Sentinel Offender Services, LLC respectfully requests that this civil action be removed to the United States District Court for the Northern District of Georgia, Atlanta Division on diversity jurisdiction grounds.

---

10    A copy of the Notice of Filing of Notice of Removal to be filed in the State Court of Gwinnett County (without the exhibits thereto, as such exhibits consist of this Notice of Removal and the attached Exhibits 1 – 5) is attached as **Exhibit 5**.

Respectfully submitted, this 15th day of March, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/ Andrew D. Horowitz*
Andrew D. Horowitz
Georgia Bar No. 367815
Kimberly E. Coleman
Georgia Bar No. 585929
***Attorneys for Defendant***

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: HorowitzA@deflaw.com
E: ColemanK@deflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing *Notice of Removal* upon all parties to this action via statutory electronic service on their counsel(s) by electronically filing it with the Clerk of Court using the Court's electronic CM/ECF System as follows:

> Brandon Smith, Esq.
> Brandom Smith Law, LLC
> 5425 Peachtree Parkway NW
> Peachtree Corners, GA 30092
> brandon@brandonsmithfirm.com
> *Attorney for Plaintiffs*

This 15th day of March, 2024.

> **DREW ECKL & FARNHAM, LLP**
>
> */s/ Andrew D. Horowitz*
> Andrew D. Horowitz
> Georgia Bar No. 367815
> *Counsel for Defendant*

303 Peachtree Street, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
E: horowitza@deflaw.com

**Exhibit 1:**
**Plaintiffs' Complaint and Associated Summons in State Court Action**

**EXHIBIT 1**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-01288-S6**
**2/14/2024 3:14 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually,**<br><br>Plaintiffs,<br><br>v.<br><br>**SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II,**<br><br>Defendants. | **JURY TRIAL DEMANDED**<br><br>**CIVIL ACTION FILE**<br>24-C-01288-S6<br>**NO. _____** |

## <u>COMPLAINT</u>

COMES NOW, Plaintiff, Chester Byrd on behalf of the Estate of Damarion Byrd, as next of kin, and Chester Byrd individually (hereinafter "Plaintiffs") file this Complaint and further state as follows:

### 1.

On or about March 6, 2023, minor Damarion Byrd ("Damarion") died intestate and is survived by his father, Plaintiff Chester Byrd when he was shot by an offender monitored by Sentinel Offender Services, LLC's services and equipment. At the time of his death, Damarion was a resident of the State of Georgia.

### 2.

Plaintiffs Chester Byrd, as duly anticipated Administrator of the Estate of Damarion Byrd, Deceased, and Chester Byrd, Individually and as the surviving heir of Damarion, state their intention to bring each and every claim permissible under applicable law for both the Estate of Damarion Byrd and for his wrongful death. Plaintiffs seek all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering, and all

compensatory, special, actual, general, and punitive damages permissible under applicable law. Plaintiffs are Georgia citizens.

3.

This is an action for damages based on the wrongful death of Damarion Byrd, which occurred on March 6th, 2023, and which was proximately caused by Sentinel Offender Services, LLC ("Sentinel").

4.

Sentinel Offender Services, LLC  is a foreign limited liability company authorized to do business in the State of Georgia and is subject to the venue and jurisdiction of this Court per O.C.G.A. § 14-2-510(b)(4).

5.

 Service upon Sentinel is sufficient and perfected via service of Sentinel's registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

6.

Jurisdiction and venue are proper.

7.

Defendants XYZ Corp. I-II are parties that may be either improperly named or they are known but their acts and omissions are currently unknown to Plaintiffs. As a result, Defendants XYZ Corp. I-II are entities or persons giving rise to the incident and/or have liability in the foregoing action due to their involvement with the incident. Defendant XYZ Corp. I-II will be named and served with the Summons and Complaint once their identit(ies) and/or acts and omissions are revealed.

8.

On August 1, 2019, Baldwin County Sheriff's Office entered into a Master Services Agreement (hereinafter "MSA") with Omnilink Systems, Inc. to provide electronic pretrial release monitoring services and equipment.

9.

In or around April of 2022, Sentinel acquired Omnilink Systems, Inc.

10.

Sentinel acquired Omnilink Systems, Inc. which "solidifie[d] a relationship that ha[d] existed for more than a decade" in order to "integrate best-in-class GPS technology with the full continuum of Sentinel's products, software, and services to deliver an unmatched customer experience."[1]

11.

In furtherance of that acquisition, Sentinel represented its intent "to transform the electronic monitoring industry by focusing on delivering advanced technologies through Sentinel's DNA software platform to government and channel partners."[2]

12.

In furtherance of that acquisition, Sentinel used "Omnilink's pioneering GPS expertise and innovative technology" to "complement[] Sentinel's advanced electronic monitoring systems" and in acquiring Omnilink, Sentinel represented that it "expand[ed] [its] ability to serve

---

[1] https://www.globenewswire.com/en/news-release/2022/04/18/2423912/0/en/Sentinel-Offender-Services-Completes-Acquisition-of-Omnilink-Systems-Inc-a-Division-of-Sierra-Wireless.html (last visited February 14, 2024)
[2] Id.

new market segments with a full continuum of software solutions, monitoring products, and local program offerings."[3]

13.

Since 1993, Sentinel Offender Services, LLC "has provided community-based, offender management programs across North America." Sentinel represents that its "customers benefit from one of the most comprehensive set of products and services in the industry," offering "GPS tracking, alcohol monitoring, radio frequency electronic monitoring, substance abuse testing, day reporting centers, domestic violence victim monitoring programs, and full-service case management." Sentinel's mission is to work "in partnership with law enforcement, community corrections agencies and the court system" in order to "reduce recidivism and improve offender reentry success."[4]

14.

Omnilink revoked its business status in the state of Georgia in 2022 following Sentinel's acquisition of Omnilink.

15.

In acquiring Omnilink, Sentinel acquired Omnilink's assets, liability, services, and obligations to Baldwin County Sheriff's Department.

16.

At all relevant times mentioned herein, Sentinel was bound to fulfill its obligations set forth in the MSA and, while it failed, undertook a duty to do so.

---

[3] Id.
[4] Id.

17.

At all relevant times mentioned herein, Sentinel was to comply and fulfill its obligations set forth and governed by O.C.G.A. § 17-6-1.1 et. seq.

18.

When Baldwin County Sheriff's Office and Sentinel entered the MSA, Sentinel failed to meet the minimum provider requirements mandated in O.C.G.A. § 17-6-1.1(j).

19.

Sentinel's failures to monitor persons such as Rodracious Stephens was not only a material violation of the services it provided to Baldwin County Sheriff as set forth in the MSA, but its failures proximately caused the death of Damarion Byrd.

20.

Sentinel's material non-compliance with the statutory requirements of O.C.G.A. § 17-6-1.1(j) barred Sentinel from providing further electronic pretrial release and monitoring services in the State of Georgia.

21.

Sentinel knew or should have known of its material non-compliance with O.C.G.A. § 17-6-1.1(j). Furthermore, Sentinel was on notice that Sentinel's material non-compliance rendered it ineligible to provide electronic pretrial release and monitoring services in the State of Georgia.

22.

Despite Sentinel's non-compliance with the statutory requirements and despite the MSA, Sentinel wrongfully continued to warrant services to Baldwin County Sheriff's Office for the sole purpose to protect citizens just like Damarion Byrd.

23.

Before March 6, 2023, Rodracious Stephens was in the custody, control, and confinement of Baldwin County Sheriff's Office.

24.

Baldwin County Sheriff's Office released Rodracious Stephens from its confinement and placed Mr. Stephens in its electronic pretrial release and monitoring program, a program of equipment and services which were provided by Sentinel.

25.

Sentinel, by and through its acquisition of Omnilink, undertook to provide video training to Baldwin County Sheriff's Office regarding its product, services, and use of its monitoring software.

26.

Specifically, under the MSA, Sentinel contracted and warranted to Baldwin County Sheriff's Office that "as a leading provider of web-based monitoring and tracking solutions and related products and services for offender management" as Baldwin County Sheriff's Office "wished to utilize certain hardware, software, and other services made available by Omnilink to track and monitor offenders."

27.

The purpose of the MSA was to protect the rights, safety and wellbeing of persons just like Damarion Byrd from offenders just like Rodracious Stephens, which included providing Baldwin County Sheriff's Office with accurate and reliable data.

28.

Under the MSA, Sentinel through its acquisition of Omnilink, warranted that it would provide Baldwin County Sheriff's Office with features and services for its monitors ("Schedule of Service"), including but not limited to the following:

(a) Tamper Notifications;

(b) Buffer Zone Interval;

(c) GPS Interval;

(d) Impaired Interval; and

(e) Transmission Rate(s).

29.

At all relevant times mentioned herein, Sentinel failed to properly provide the services listed in the Schedule of Services, which proximately caused the wrongful death of Damarion Byrd.

30.

As a part of the Schedule of Service, Sentinel provided service for its monitors to have unlimited inclusion zones, exclusion zones, and buffer zones.

31.

As a part of the Schedule of Service, Sentinel provided service for its monitors to have unlimited inclusion zones, exclusion zones, and buffer zones.

32.

As a part of the Schedule of Service, Sentinel provided service for its monitors to have unlimited email, fax, SMS (text message) and voice alerts.

33.

As a part of the Schedule of Service, Sentinel provided service for support including user initiated instant locates, standard customer support, and web-based user training.

34.

On March 6, 2023, Rodracious Stephens was a Sentinel-monitored felon with over 60 prior crimes and violations spanning over 23 years, from armed robbery to drug charges.

35.

Sentinel's monitoring of Stephens commenced on or about September 28, 2022.

36.

Over the course of the months that following Sentinel's engagement of monitoring Stephens it became clear that Sentinel's device had communication issues under Sentinel's control, supervision, and service.

37.

During that time, Sentinel knew or should have known that Stephens could cause harm to persons, including Damarion Byrd, given the various communication issues under Sentinel's control, supervision, and service.

38.

On or before March 6, 2023, Rodracious Stephens managed to negate the services and equipment provided by Sentinel while released from Baldwin County Sheriff's confinement and under Sentinel's electronic pretrial release and monitoring program to obtain and procure a deadly weapon.

39.

On or about March 6, 2023, managed to negate the services and equipment provided by Sentinel while released from Baldwin County Sheriff's confinement and under Sentinel's electronic pretrial release and monitoring program to leave his place of dwelling and travel a meaningful distance to a property adjacent to the home of Damarion Byrd, 228 Harrisburg Road, Milledgeville, Georgia.

40.

At or around 1:30 am on March 6th, 2023, Stephens, with cohorts Jerrell Studds, Shamonica Reaves, and Charles Jackson Jr., and while under Sentinel's electronic pretrial release and monitoring program, discharged a deadly weapon, firing over 15 bullets into the home of fifth grader Damarion Byrd.

41.

Damarion Byrd's chest was struck by one of the bullets discharged by Mr. Stephens' weapon.

42.

Damarion Byrd suffered for some period in pain, conscious of his impending death and ultimately died from the gunshot wound inflicted by Stephens at or around approximately 2:00 am on March 6, 2023.

43.

Sentinel had a duty but failed to report and/or track Stephens' locations, whereabouts, and provide proper alerts and warnings causing Stephens to roam freely leading to the death of Damarion Byrd.

44.

Sentinel had a duty but failed to provide accurate and continuous real-time violation alerts of Stephens who, upon information and belief, had violated the terms and considerations of his parole orders.

45.

As a proximate and foreseeable result of Sentinel's negligence acts and omissions, decedent Damarion Byrd received serious injuries, became aware of his impending death, endured pain and suffering, mental anguish, loss of the enjoyment of life, and suffered other damages that will be proven at trial as permitted under applicable law. Plaintiffs are entitled to recover the full value of the life of Damarion Byrd for his wrongful death, and all other elements of damages allowed under the law. Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under applicable law, including, but not limited to:

a) Personal injuries;

b) Pain and suffering;

c) Mental anguish;

d) Severe disfigurement;

e) Loss of the enjoyment of life;

f) Wrongful death;

g) Damages for all elements of the full value of Damarion Byrd's life, tangible and intangible;

h) Funeral and burial expenses;

i) Incidental expenses;

10

j)   Loss of society and companionship of Damarion Byrd;

k)   Diminished enjoyment of life of all of the Plaintiffs as a result of the death of Damarion Byrd;

l)   Medical expenses; and

m)   Consequential Damages to be proven at trial.

46.

Plaintiff Chester Byrd is entitled to recover for the injuries and conscious pain and suffering sustained by Damarion Byrd prior to his death, any medical and funeral expenses, and all other elements of damages allowed under applicable law. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, estate, and all other damages permissible under applicable law.

47.

Each of the foregoing acts and omissions constitute an independent act of negligence by Sentinel and one or more or all of above-stated acts were the proximate causes of the injuries to and death of Damarion Byrd. Sentinel is liable for the wrongful death of Damarion Byrd and all damages recoverable under applicable law.

48.

Plaintiffs are entitled to an award of punitive damages because Sentinel acted unjustifiably, acted in bad faith, intentionally, with malice, gross negligence, wantonly, willfully, and/or with reckless disregard for the safety and rights of Damarion Byrd. Plaintiff Chester Byrd is accordingly entitled to recover punitive damages from Sentinel, in accordance with the enlightened conscience of an impartial jury.

49.

Sentinel's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

50.

This action is timely filed.

51.

Sentinel has before had prior similar incidents occur.

52.

At all relevant times, Damarion Byrd was an innocent victim.

WHEREFORE, the Plaintiffs pray that:

a)  Process issue as provided by law;

b)  Plaintiffs be awarded actual damages in amounts to be shown at trial from Sentinel;

c)  Plaintiffs be awarded past, present, and future damages permitted in an amount to be proven through the evidence at the time of trial;

d)  Plaintiffs, as the surviving parent of Damarion Byrd, be awarded all damages for the wrongful death of Damarion Byrd and all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from Sentinel and as permitted under applicable law;

e)  Plaintiff Chester Byrd recover any and all damages allowed by law, including for conscious pain and suffering as well as punitive damages from Sentinel in accordance with the enlightened conscience of an impartial jury;

f)  Plaintiffs have a trial by jury; and

g)  Plaintiffs have such other relief as this Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

This 14th day of February, 2024.

**BRANDON SMITH LAW, LLC**

*/s/ Brandon Smith*

Brandon Smith
Georgia Bar No. 732793
**Counsel for Plaintiffs**

5425 Peachtree Parkway, NW Peachtree
Corners, Georgia 30092
Phone: (678) 831-5278
Fax: (678) 623-5790
brandon@brandonsmithlawfirm.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-01288-S6**

**2/14/2024 3:14 PM**

**TIANA P. GARNER, CLERK**

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually,** | **JURY TRIAL DEMANDED** |
| Plaintiffs, | **CIVIL ACTION FILE** |
| v. | **NO. _____** 24-C-01288-S6 |
| **SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II,** | |
| Defendants. | |

## <u>SUMMONS</u>

TO THE ABOVE NAMED DEFENDANT:

**Sentinel Offender Services, LLC**
C/O Registered Agent: Corporation Service Company
2 Sun Court, Suite 400,
Peachtree Corners, Georgia 30092

  You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiffs' attorney, whose name and address is:

**Brandon Smith**
**Brandon Smith Law, LLC**
**5425 Peachtree Parkway NW**
**Peachtree Corners, GA 30092**

an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This ____ day of _____, 2024.
14th day of February, 2024

     Tiana P. Garner
     Clerk of State Court

By: _____
   Deputy Clerk

**Exhibit 2:**
**Defendant's Answer in State Court Action**

**EXHIBIT 2**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually, | ) ) ) ) | CIVIL ACTION NO. 24-C-01288-S6 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| SENTINEL OFFENDER SERVICES, LLC, XYZ corp. I-II, | ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' DEFENSES AND ANSWER

Defendant Sentinel Offender Services, LLC respectfully files its Defenses and Answer to Plaintiffs' Complaint, stating as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that it is an improper party to this action.

### THIRD DEFENSE

Pending further investigation and discovery and to preserve defenses, Defendant states that the sole proximate cause of the damages alleged in Plaintiffs' Complaint were the actions, non-actions, or negligence of a person or persons other than Defendant for whose actions, non-actions, or negligence Defendant is in no way liable.

## FOURTH DEFENSE

Defendant breached no duty owed to Plaintiffs.

## FIFTH DEFENSE

Pending further investigation and discovery and to preserve defenses, no alleged breach of duty by Defendant was the direct or proximate cause of the damages alleged in Plaintiffs' Complaint.

## SIXTH DEFENSE

While Defendant specifically denies any negligence on its part, if it was negligent, the negligence of others equaled or exceeded any negligence on its part.

## SEVENTH DEFENSE

Defendant preserves defenses as to personal jurisdiction, subject matter jurisdiction, and venue.

## EIGHTH DEFENSE

Pending further investigation and to preserve defenses, Defendant asserts the defense of absolute quasi-judicial immunity and qualified immunity.

## NINTH DEFENSE

Pending further investigation and to preserve defenses, Defendant asserts the defense of lack of standing.

## TENTH DEFENSE

There is no justiciable basis in law or fact to support Plaintiffs' claim for punitive damages.

## ELEVENTH DEFENSE

There is no justiciable basis in law or fact to support Plaintiffs' claim for attorneys' fees.

## TWELFTH DEFENSE

Defendants respond to the individually numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies that Damarion Byrd was shot by an offender who was "monitored" by Defendant, and it specifically denies all allegations and inferences of negligence and liability against it contained in this paragraph.  Defendant is otherwise currently without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph, including all allegations regarding the circumstances surrounding the underlying incident, as well as Damarion Byrd's age, legal status, and residence on the incident date

2.

Defendant is currently without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, but it denies that Plaintiffs are entitled to recover any of the several categories of damages against it that are included in this paragraph, and it specifically denies all allegations and inferences of negligence and liability against it contained therein.

3.

Defendant denies that it has any liability relating to the death of Damarion Byrd, and it specifically denies all allegations of negligence and liability against it contained in this paragraph.

4.

Defendant admits that it is a foreign limited liability company that is authorized to do business in Georgia, and that it is potentially subject to this Court's subject matter jurisdiction and venue, but it otherwise denies the remaining allegations contained in this paragraph as pled,

including all allegations and inferences of negligence and liability against it contained in this paragraph, and it specifically reserves the right to properly remove this action to federal court.

5.

Defendant admits service, but denies that it is a proper party, and specifically denies all allegations and inferences of negligence and liability against it contained in this paragraph.

6.

Defendant admits that it is potentially subject to this Court's subject matter jurisdiction and venue, but it denies that it is a proper party, and it reserves the right to properly remove this case to federal court.

7.

Defendant is currently without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, but it denies all allegations and inferences of negligence and liability against it contained therein.

8.

Defendant admits that, on August 1, 2019, the Baldwin County Sheriff's Office entered into a Masster Services Agreement with Omnilink Systems, Inc., but it denies the remaining allegations contained in this paragraph as pled, including all allegations and inferences of negligence and liability against it contained therein.

9.

Defendant denies the allegations contained in this paragraph as pled.

10.

Defendant denies the allegations contained in this paragraph as pled.

11.

Defendant denies the allegations contained in this paragraph as pled.

12.

Defendant denies the allegations contained in this paragraph as pled.

13.

Defendant denies the allegations contained in this paragraph as pled and as it relates to this case.

14.

Defendant denies the allegations contained in this paragraph as pled.

15.

Defendant denies the allegations contained in this paragraph as pled.

16.

Defendant denies the allegations contained in this paragraph as pled.

17.

Defendant denies the allegations contained in this paragraph as pled.

18.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

19.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

20.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

21.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

22.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

23.

Defendant is currently without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, but it denies all allegations and inferences of negligence and liability against it contained therein.

24.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

25.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

26.

Defendant admits that the provisions in Omnilink's contract with the Baldwin County Sheriff's Office speaks for itself, but it otherwise denies the allegations contained in this paragraph

as pled, including all allegations and inference of negligence and liability against it contained therein.

27.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

28.

Defendant denies the allegations contained in this paragraph as pled, including all allegations and inferences of negligence and liability against it contained therein.

29.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, and specifically denies all allegations and inferences of negligence and liability against them contained therein.

30.

Defendant denies the allegations contained in this paragraph as pled, including all allegations and inferences of negligence and liability against it contained therein.

31.

Defendant denies the allegations contained in this paragraph as pled, including all allegations and inferences of negligence and liability against it contained therein.

32.

Defendant denies the allegations contained in this paragraph as pled, including all allegations and inferences of negligence and liability against it contained therein.

33.

Defendant denies the allegations contained in this paragraph as pled, including all

allegations and inferences of negligence and liability against it contained therein.

34.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

35.

Defendant denies the allegations contained in this paragraph as pled, including all allegations and inferences of negligence and liability against it contained therein.

36.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

37.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

38.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

39.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

40.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

41.

Defendant is currently without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, but it denies all allegations and inferences of negligence and liability against it contained therein.

42.

Defendant is currently without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, but it denies all allegations and inferences of negligence and liability against it contained therein.

43.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

44.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

45.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

46.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

47.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

48.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

49.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

50.

Defendant is currently without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, but it denies all allegations and inferences of negligence and liability against it contained therein.

51.

Defendant denies the allegations contained in this paragraph, both specifically and as pled, including all allegations and inferences of negligence and liability against it contained therein.

52.

Defendant is currently without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, but it denies all allegations and inferences of negligence and liability against it contained therein.

53.

Defendant denies all allegations and inferences of negligence and liability contained in Plaintiffs' prayer for relief.

54.

Any allegations contained in Plaintiffs' Complaint not admitted, denied, or otherwise responded to above, are hereby denied.

WHEREFORE, having fully responded to Plaintiffs' Complaint, Defendant respectfully prays that judgment be entered in Defendant's favor, casting all costs upon Plaintiffs, and that Defendant have all other such relief as this Court deems just and proper.

This 15th day of March, 2024.

Respectfully submitted,

**DREW ECKL & FARNHAM, LLP**

303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: ahorowitz@deflaw.com
   colemank@deflaw.com

*/s/ Andrew D. Horowitz*
Andrew D. Horowitz
Georgia Bar No. 367815
Kimberly E. Coleman
Georgia Bar No. 585929
***Attorneys for Defendant***

- 11 -

## <u>CERTIFICATE OF SERVICE</u>

I certify that today I served counsel in the foregoing matter with a copy of the foregoing

***Defendant's Defenses and Answer*** through the courts electronic filing system which will serve

counsel for the parties addressed as follows:

> Brandon Smith, Esq.
> Brandon Smith Law, LLC
> 5425 Peachtree Parkway, NW
> Peachtree Corners, Georgia 30092
> brandon@brandonsmithlawfirm.com

This 15th day of March, 2024.

*/s/ Andrew D. Horowitz*
Andrew D. Horowitz
Georgia Bar No. 367815
***Attorneys for Defendant***

303 Peachtree Street
Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: ahorowitz@deflaw.com

**Exhibit 3:**
**Collective Corporate Filings Regarding LLC's and L.P.**
**Determinative to Defendant's Citizenship for Diversity Jurisdiction Purposes**

**EXHIBIT 3**



# State of California

File#_____

## Bill Jones
## Secretary of State

**2 0 0 0 2 9 8 1 0 0 4 2**

## FILED
In the Office of the Secretary of State
of the State of California

OCT 1 9 2000

*Bill Jones*

BILL JONES, Secretary of State

## LIMITED LIABILITY COMPANY
## APPLICATION FOR REGISTRATION

A $70.00 filing fee must accompany this form.
IMPORTANT – Read instructions before completing this form.

This Space For Filing Use Only

| | |
|---|---|
| 1. | Name under which the foreign limited liability company proposes to register and transact business in California:<br>(End the name with the words "Limited Liability Company," " Ltd. Liability Co.," or the abbreviations "LLC" or "L.L.C.")<br>Sentinel Offender Services, LLC |
| 2. | Name of the foreign limited liability company, if different from that entered above: |
| 3. | This foreign limited liability company was formed on  September 29, 2000  in  Delaware<br>(month)        (day)        (year)                    (state or country)<br>and is authorized to exercise its powers and privileges in that state. |
| 4. | Name of the agent for service of process in this state, and check the appropriate provision below:<br>Robert A. Contestabile                                        , which is<br>[ X ] an individual residing in California.  Proceed to item 5.<br>[   ] a corporation which has filed a certificate pursuant to Section 1505 of the California Corporations Code.  Proceed to item 6. |
| 5. | If an individual, California address of the agent for service of process:<br>Address:  220 Technology Drive, Suite 200<br>City:  Irvine                State: CA                Zip Code:  92618 |
| 6. | In the event the above agent for service of process resigns and is not replaced, or if the agent cannot be found or served with the exercise of reasonable diligence, the Secretary of State of the State of California is hereby appointed as the agent for service of process of this foreign limited liability company. |

| 7. | Address of the principal executive office: | City | State | Zip Code |
|---|---|---|---|---|
| | 220 Technology Drive, Suite 200, Irvine, | | CA | 92618 |
| 8. | Address of the principal office in California, if any: | City | State | Zip code |
| | 220 Technology Drive, Suite 200, Irvine, | | CA | 92618 |
| 9. | Type of business of the limited liability company: (For information purposes only.)<br>Services related to the probation process | | | |

| | |
|---|---|
| 10. | DECLARATION: It is hereby declared that I am the person who executed this instrument, which execution is my act and deed. |

Signature of Authorized Person

Robert A. Contestabile, Manager/Member
Type or Print Name and Title of Authorized Person

October 16, 2000
Date

| 11. | RETURN TO: | |
|---|---|---|
| | NAME | Kasey Hume |
| | FIRM | Latham & Watkins |
| | ADDRESS | 650 Town Center Drive |
| | | 20th Floor |
| | CITY/STATE | Costa Mesa, CA  92626 |
| | ZIP CODE | |

SEC/STATE (REV. 12/99)

FORM LLC-5 – FILING FEE $70.00
Approved by Secretary of State

*State of Delaware*

PAGE   1

## Office of the Secretary of State

---

I, EDWARD J. FREEL, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SENTINEL OFFENDER SERVICES, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE FIFTH DAY OF OCTOBER, A.D. 2000.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.

2000298 1 0042

*Edward J. Freel, Secretary of State*

3295895   8300

001504489

AUTHENTICATION: 0718921

DATE: 10-05-00



# Secretary of State
## Certificate of Status

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

| | |
|---|---|
| **Entity Name:** | Sentinel Advantage, LLC |
| **Entity No.:** | 202250313442 |
| **Registration Date:** | 04/19/2022 |
| **Entity Type:** | Limited Liability Company - Out of State |
| **Formed In:** | DELAWARE |
| **Status:** | Active |

The above referenced entity is active on the Secretary of State's records and is qualified to transact intrastate business in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may impact status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of March 14, 2024.

**SHIRLEY N. WEBER, PH.D.**
**Secretary of State**

**Certificate No.:** 191333834

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at bizfileOnline.sos.ca.gov.



202250313442

B0643-4062 04/19/2022 1:54 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**REGISTRATION**
**OUT-OF-STATE LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: 202250313442 |
| Date Filed: 4/19/2022 |

| Limited Liability Company Name | |
| --- | --- |
| Limited Liability Company Name | Sentinel Advantage, LLC |

| Jurisdiction | |
| --- | --- |
| Limited Liability Company is Formed in | DELAWARE |
| Date LLC Was Formed in Home Jurisdiction | 04/11/2022 |

| Authority Statement |
| --- |
| This LLC currently has powers and privileges to conduct business in the state, foreign country or other jurisdiction entered above. |

| Street Address of Principal Office of LLC | |
| --- | --- |
| Principal Address | 1290 HANCOCK ST., SUITE 103 ANAHEIM, CA 92807 |

| Mailing Address of LLC | |
| --- | --- |
| Mailing Address | 1290 HANCOCK ST., SUITE 103 ANAHEIM, CA 92807 |
| Attention | |

| Street Address of California Office of LLC | |
| --- | --- |
| Street Address of California Office | 1290 HANCOCK ST., SUITE 103 ANAHEIM, CA 92807 |

| Agent for Service of Process | |
| --- | --- |
| ☒ I certify the selected California Registered Corporate Agent (1505) has agreed to serve as the Agent for Service of Process for this entity. | |
| California Registered Corporate Agent (1505) | C T CORPORATION SYSTEM Registered Corporate 1505 Agent |

| Consent to Service of Process |
| --- |
| The Secretary of State is appointed as the agent of the foreign (out-of-state) limited liability company for service of process if the agent has resigned and has not been replaced or if the agent cannot be found or served with the exercise of reasonable diligence.

Consent to service of process extends to service of process directed to the foreign (out-of-state) limited liability company's agent in this state for a search warrant issued pursuant to California Penal Code section 1524.2, or for any other validly issued and properly served search warrant, for records or documents that are in the possession of the foreign (out-of-state) limited liability company and are located inside or outside of this state. This shall apply to a foreign (out-of-state) limited liability company that is a party or a nonparty to the matter for which the search warrant is sought. For purposes of this consent "properly served" means delivered by hand, or in a manner reasonably allowing for proof of delivery if delivered by United States mail, overnight delivery service, facsimile, or any other means specified by the foreign (out-of-state) limited liability company, including email or submission via an Internet Web portal, the foreign (out-of-state) limited liability company has designated for the purpose of service of process. |

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized to sign on behalf of the out-of-state LLC.

_Thomas Flies_ _____

Signature

_04/19/2022_ _____

Date

B0643-4063 04/19/2022 1:54 PM Received by California Secretary of State



# Delaware

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SENTINEL ADVANTAGE, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE NINETEENTH DAY OF APRIL, A.D. 2022.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN ASSESSED TO DATE.

Jeffrey W. Bullock, Secretary of State

6730263  8300

SR# 20221522006

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203214689

Date: 04-19-22

B0643-4064 04/19/2022 1:54 PM Received by California Secretary of State



**Secretary of State**
**Application to Register a Foreign Limited Liability Company (LLC)**

| LLC-5 |

**2 0 1 7 0 5 4 1 0 3 8 3**

**FILED**
Secretary of State
State of California

**FEB 10 2017**

*la*

This Space For Office Use Only

**IMPORTANT — Read Instructions before completing this form.**

Must be submitted with a current Certificate of Good Standing issued by the government agency where the LLC was formed. See Instructions.

**Filing Fee** – $70.00

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00

*Note:* Registered LLCs in California may have to pay minimum $800 tax to the California Franchise Tax Board each year. For more information, go to https://www.ftb.ca.gov.

**1a. LLC Name** (Enter the exact name of the LLC as listed on your attached Certificate of Good Standing.)

SENTINEL OFFENDER HOLDINGS, LLC

**1b. California Alternate Name, If Required** (See Instructions – Only enter an alternate name if the LLC name in 1a is not available in California.)

**2. LLC History** (See Instructions – Ensure that the formation date and jurisdiction match the attached Certificate of Good Standing.)

| a. Date LLC was formed in home jurisdiction (MM/DD/YYYY) | b. Jurisdiction (State, foreign country or place where this LLC is formed.) |
|---|---|
| 1 / 10 / 2017 | DELAWARE |

c. Authority Statement (Do not alter Authority Statement)
This LLC currently has powers and privileges to conduct business in the state, foreign country or place entered in Item 2b.

**3. Business Addresses** (Enter the complete business addresses. Items 3a and 3b cannot be a P.O. Box or "in care of" an individual or entity.)

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Executive Office - Do not enter a P.O. Box<br>201 TECHNOLOGY DRIVE | IRVINE | CA | 92618 |
| b. Street Address of Principal Office in California, if any - Do not enter a P.O. Box<br>201 TECHNOLOGY DRIVE | IRVINE | CA | 92618 |
| c. Mailing Address of Principal Executive Office, if different than Item 3a | | | |

**4. Service of Process** (Must provide either Individual OR Corporation.)

INDIVIDUAL – Complete Items 4a and 4b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is not a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| b. Street Address (if agent is not a corporation) - Do not enter a P.O. Box | City (no abbreviations) | State<br>CA | Zip Code |

CORPORATION – Complete Item 4c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 4a or 4b
CT CORPORATION SYSTEM

**5. Read and Sign Below** (See Instructions. Title not required.)

I am authorized to sign on behalf of the foreign LLC.

Signature

LLC-5 (REV 01/2017)

Lou N. Caballero
Type or Print Name

2017 California Secretary of State
www.sos.ca.gov/business/be

# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "SENTINEL OFFENDER HOLDINGS, LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE TENTH DAY OF FEBRUARY, A.D. 2017.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN ASSESSED TO DATE.

Jeffrey W. Bullock, Secretary of State

6278147  8300
SR# 20170823572
You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 202021692
Date: 02-10-17

2 0 1 7 0 5 4 1 0 3 8 3

**201221200007**



| LP-5 | File # |
|---|---|

## State of California
### Secretary of State

**Foreign Limited Partnership
Application for Registration**

**FILED**
In the Office of the Secretary of State
of the State of California

**JUL 11 2012**

A $70.00 filing fee AND a certificate of good standing by an authorized public official of the jurisdiction of formation must accompany this form.

**IMPORTANT – Read instructions before completing this form.**

This Space For Filing Use Only

**Entity Name** (See instructions for name requirements in the State of California.)

1. NAME OF FOREIGN LIMITED PARTNERSHIP

BISON CAPITAL PARTNERS IV LP

2. ALTERNATE NAME (if the name in item 1 does not comply with the requirements of California Corporations Code section 15901.08. See instructions.)

**Office Addresses** (Please do not abbreviate the name of the city.)

| 3. ADDRESS OF PRINCIPAL OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 233 WILSHIRE BLVD., SUITE 425 | SANTA MONICA | CA | 90401 |
| 4. ADDRESS OF OFFICE REQUIRED IN THE JURISDICTION OF FORMATION, IF ANY | CITY | STATE | ZIP CODE |

**Date and Place of Organization**

5. THE FOREIGN LIMITED PARTNERSHIP WAS FORMED ON  11 - 01 - 2011  UNDER THE LAWS OF  DELAWARE
(MONTH) (DAY) (YEAR)  (STATE OR COUNTRY)

**Initial Agent for Service of Process in California** (If the initial agent is an individual, the agent must reside in California and both Items 6 and 7 must be completed. If the initial agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 6 must be completed (leave Item 7 blank).)

6. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC-LAWYERS INCORPORATING SERVICE

| 7. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CA | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

**General Partners** (Enter the names and addresses of all the general partners. Attach additional pages, if necessary. Attachments, if any, are incorporated herein by this reference and made part of this document.)

| 8a. NAME | ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| BISON CAPITAL PARTNERS IV GP LP | 233 WILSHIRE BLVD., STE 425 | SANTA MONICA | CA | 90401 |
| 8b. NAME | ADDRESS | CITY | STATE | ZIP CODE |

**Foreign Limited Liability Limited Partnership**

9. ☐ CHECK THIS BOX IF THE FOREIGN LIMITED PARTNERSHIP IS A FOREIGN LIMITED LIABILITY LIMITED PARTNERSHIP.

**Execution** (This document must be signed by at least one general partner of the foreign limited partnership. If additional signature space is necessary, the signatures may be made on an attachment to this document.)

10. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

7-10-12
DATE

SIGNATURE OF GENERAL PARTNER

YEE-PING CHU
TYPE OR PRINT NAME OF GENERAL PARTNER

managing member of Bison Capital Partners GP, LLC, general ptnr of Bison Capital Partners IV GP, LP, general ptnr

LP-5 (REV 01/2010)

APPROVED BY SECRETARY OF STATE



PAGE   1

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "BISON CAPITAL PARTNERS IV, L.P." IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE ELEVENTH DAY OF JULY, A.D. 2012.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "BISON CAPITAL PARTNERS IV, L.P." WAS FORMED ON THE FIRST DAY OF NOVEMBER, A.D. 2011.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

5060056   8300

120826216

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W Bullock, Secretary of State

AUTHENTICATION:  9702651

DATE: 07-11-12

201221200007

**Exhibit 4:**
**All Documents Served on Defendant in State Court Action which Are Not**
**Already Attached as Exhibits to This Notice**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**24-C-01288-S6**

**2/14/2024 3:14 PM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually,** | **JURY TRIAL DEMANDED** |
| Plaintiffs, | **CIVIL ACTION FILE** |
| v. | 24-C-01288-S6 |
| | **NO. _____** |
| **SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II,** | |
| Defendants. | |

## **COMPLAINT**

COMES NOW, Plaintiff, Chester Byrd on behalf of the Estate of Damarion Byrd, as next of kin, and Chester Byrd individually (hereinafter "Plaintiffs") file this Complaint and further state as follows:

1.

On or about March 6, 2023, minor Damarion Byrd ("Damarion") died intestate and is survived by his father, Plaintiff Chester Byrd when he was shot by an offender monitored by Sentinel Offender Services, LLC's services and equipment. At the time of his death, Damarion was a resident of the State of Georgia.

2.

Plaintiffs Chester Byrd, as duly anticipated Administrator of the Estate of Damarion Byrd, Deceased, and Chester Byrd, Individually and as the surviving heir of Damarion, state their intention to bring each and every claim permissible under applicable law for both the Estate of Damarion Byrd and for his wrongful death. Plaintiffs seek all special damages, economic losses, medical expenses, funeral and burial expenses, necessary expenses, pain and suffering, and all

compensatory, special, actual, general, and punitive damages permissible under applicable law. Plaintiffs are Georgia citizens.

3.

This is an action for damages based on the wrongful death of Damarion Byrd, which occurred on March 6th, 2023, and which was proximately caused by Sentinel Offender Services, LLC ("Sentinel").

4.

Sentinel Offender Services, LLC  is a foreign limited liability company authorized to do business in the State of Georgia and is subject to the venue and jurisdiction of this Court per O.C.G.A. § 14-2-510(b)(4).

5.

 Service upon Sentinel is sufficient and perfected via service of Sentinel's registered agent at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, 30092.

6.

Jurisdiction and venue are proper.

7.

Defendants XYZ Corp. I-II are parties that may be either improperly named or they are known but their acts and omissions are currently unknown to Plaintiffs. As a result, Defendants XYZ Corp. I-II are entities or persons giving rise to the incident and/or have liability in the foregoing action due to their involvement with the incident. Defendant XYZ Corp. I-II will be named and served with the Summons and Complaint once their identit(ies) and/or acts and omissions are revealed.

8.

On August 1, 2019, Baldwin County Sheriff's Office entered into a Master Services Agreement (hereinafter "MSA") with Omnilink Systems, Inc. to provide electronic pretrial release monitoring services and equipment.

9.

In or around April of 2022, Sentinel acquired Omnilink Systems, Inc.

10.

Sentinel acquired Omnilink Systems, Inc. which "solidifie[d] a relationship that ha[d] existed for more than a decade" in order to "integrate best-in-class GPS technology with the full continuum of Sentinel's products, software, and services to deliver an unmatched customer experience."[1]

11.

In furtherance of that acquisition, Sentinel represented its intent "to transform the electronic monitoring industry by focusing on delivering advanced technologies through Sentinel's DNA software platform to government and channel partners."[2]

12.

In furtherance of that acquisition, Sentinel used "Omnilink's pioneering GPS expertise and innovative technology" to "complement[] Sentinel's advanced electronic monitoring systems" and in acquiring Omnilink, Sentinel represented that it "expand[ed] [its] ability to serve

---

[1] https://www.globenewswire.com/en/news-release/2022/04/18/2423912/0/en/Sentinel-Offender-Services-Completes-Acquisition-of-Omnilink-Systems-Inc-a-Division-of-Sierra-Wireless.html (last visited February 14, 2024)
[2] Id.

3

new market segments with a full continuum of software solutions, monitoring products, and local program offerings."[3]

13.

Since 1993, Sentinel Offender Services, LLC "has provided community-based, offender management programs across North America." Sentinel represents that its "customers benefit from one of the most comprehensive set of products and services in the industry," offering "GPS tracking, alcohol monitoring, radio frequency electronic monitoring, substance abuse testing, day reporting centers, domestic violence victim monitoring programs, and full-service case management." Sentinel's mission is to work "in partnership with law enforcement, community corrections agencies and the court system" in order to "reduce recidivism and improve offender reentry success."[4]

14.

Omnilink revoked its business status in the state of Georgia in 2022 following Sentinel's acquisition of Omnilink.

15.

In acquiring Omnilink, Sentinel acquired Omnilink's assets, liability, services, and obligations to Baldwin County Sheriff's Department.

16.

At all relevant times mentioned herein, Sentinel was bound to fulfill its obligations set forth in the MSA and, while it failed, undertook a duty to do so.

---

[3] Id.
[4] Id.

4

17.

At all relevant times mentioned herein, Sentinel was to comply and fulfill its obligations set forth and governed by O.C.G.A. § 17-6-1.1 et. seq.

18.

When Baldwin County Sheriff's Office and Sentinel entered the MSA, Sentinel failed to meet the minimum provider requirements mandated in O.C.G.A. § 17-6-1.1(j).

19.

Sentinel's failures to monitor persons such as Rodracious Stephens was not only a material violation of the services it provided to Baldwin County Sheriff as set forth in the MSA, but its failures proximately caused the death of Damarion Byrd.

20.

Sentinel's material non-compliance with the statutory requirements of O.C.G.A. § 17-6-1.1(j) barred Sentinel from providing further electronic pretrial release and monitoring services in the State of Georgia.

21.

Sentinel knew or should have known of its material non-compliance with O.C.G.A. § 17-6-1.1(j). Furthermore, Sentinel was on notice that Sentinel's material non-compliance rendered it ineligible to provide electronic pretrial release and monitoring services in the State of Georgia.

22.

Despite Sentinel's non-compliance with the statutory requirements and despite the MSA, Sentinel wrongfully continued to warrant services to Baldwin County Sheriff's Office for the sole purpose to protect citizens just like Damarion Byrd.

23.

Before March 6, 2023, Rodracious Stephens was in the custody, control, and confinement of Baldwin County Sheriff's Office.

24.

Baldwin County Sheriff's Office released Rodracious Stephens from its confinement and placed Mr. Stephens in its electronic pretrial release and monitoring program, a program of equipment and services which were provided by Sentinel.

25.

Sentinel, by and through its acquisition of Omnilink, undertook to provide video training to Baldwin County Sheriff's Office regarding its product, services, and use of its monitoring software.

26.

Specifically, under the MSA, Sentinel contracted and warranted to Baldwin County Sheriff's Office that "as a leading provider of web-based monitoring and tracking solutions and related products and services for offender management" as Baldwin County Sheriff's Office "wished to utilize certain hardware, software, and other services made available by Omnilink to track and monitor offenders."

27.

The purpose of the MSA was to protect the rights, safety and wellbeing of persons just like Damarion Byrd from offenders just like Rodracious Stephens, which included providing Baldwin County Sheriff's Office with accurate and reliable data.

6

28.

Under the MSA, Sentinel through its acquisition of Omnilink, warranted that it would provide Baldwin County Sheriff's Office with features and services for its monitors ("Schedule of Service"), including but not limited to the following:

(a) Tamper Notifications;

(b) Buffer Zone Interval;

(c) GPS Interval;

(d) Impaired Interval; and

(e) Transmission Rate(s).

29.

At all relevant times mentioned herein, Sentinel failed to properly provide the services listed in the Schedule of Services, which proximately caused the wrongful death of Damarion Byrd.

30.

As a part of the Schedule of Service, Sentinel provided service for its monitors to have unlimited inclusion zones, exclusion zones, and buffer zones.

31.

As a part of the Schedule of Service, Sentinel provided service for its monitors to have unlimited inclusion zones, exclusion zones, and buffer zones.

32.

As a part of the Schedule of Service, Sentinel provided service for its monitors to have unlimited email, fax, SMS (text message) and voice alerts.

33.

As a part of the Schedule of Service, Sentinel provided service for support including user initiated instant locates, standard customer support, and web-based user training.

34.

On March 6, 2023, Rodracious Stephens was a Sentinel-monitored felon with over 60 prior crimes and violations spanning over 23 years, from armed robbery to drug charges.

35.

Sentinel's monitoring of Stephens commenced on or about September 28, 2022.

36.

Over the course of the months that following Sentinel's engagement of monitoring Stephens it became clear that Sentinel's device had communication issues under Sentinel's control, supervision, and service.

37.

During that time, Sentinel knew or should have known that Stephens could cause harm to persons, including Damarion Byrd, given the various communication issues under Sentinel's control, supervision, and service.

38.

On or before March 6, 2023, Rodracious Stephens managed to negate the services and equipment provided by Sentinel while released from Baldwin County Sheriff's confinement and under Sentinel's electronic pretrial release and monitoring program to obtain and procure a deadly weapon.

8

39.

On or about March 6, 2023, managed to negate the services and equipment provided by Sentinel while released from Baldwin County Sheriff's confinement and under Sentinel's electronic pretrial release and monitoring program to leave his place of dwelling and travel a meaningful distance to a property adjacent to the home of Damarion Byrd, 228 Harrisburg Road, Milledgeville, Georgia.

40.

At or around 1:30 am on March 6th, 2023, Stephens, with cohorts Jerrell Studds, Shamonica Reaves, and Charles Jackson Jr., and while under Sentinel's electronic pretrial release and monitoring program, discharged a deadly weapon, firing over 15 bullets into the home of fifth grader Damarion Byrd.

41.

Damarion Byrd's chest was struck by one of the bullets discharged by Mr. Stephens' weapon.

42.

Damarion Byrd suffered for some period in pain, conscious of his impending death and ultimately died from the gunshot wound inflicted by Stephens at or around approximately 2:00 am on March 6, 2023.

43.

Sentinel had a duty but failed to report and/or track Stephens' locations, whereabouts, and provide proper alerts and warnings causing Stephens to roam freely leading to the death of Damarion Byrd.

44.

Sentinel had a duty but failed to provide accurate and continuous real-time violation alerts of Stephens who, upon information and belief, had violated the terms and considerations of his parole orders.

45.

As a proximate and foreseeable result of Sentinel's negligence acts and omissions, decedent Damarion Byrd received serious injuries, became aware of his impending death, endured pain and suffering, mental anguish, loss of the enjoyment of life, and suffered other damages that will be proven at trial as permitted under applicable law. Plaintiffs are entitled to recover the full value of the life of Damarion Byrd for his wrongful death, and all other elements of damages allowed under the law. Plaintiffs state their intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under applicable law, including, but not limited to:

a) Personal injuries;

b) Pain and suffering;

c) Mental anguish;

d) Severe disfigurement;

e) Loss of the enjoyment of life;

f) Wrongful death;

g) Damages for all elements of the full value of Damarion Byrd's life, tangible and intangible;

h) Funeral and burial expenses;

i) Incidental expenses;

10

j)  Loss of society and companionship of Damarion Byrd;

k)  Diminished enjoyment of life of all of the Plaintiffs as a result of the death of Damarion Byrd;

l)  Medical expenses; and

m)  Consequential Damages to be proven at trial.

46.

Plaintiff Chester Byrd is entitled to recover for the injuries and conscious pain and suffering sustained by Damarion Byrd prior to his death, any medical and funeral expenses, and all other elements of damages allowed under applicable law. Plaintiff states his intention to seek all compensatory, special, economic, consequential, general, punitive, estate, and all other damages permissible under applicable law.

47.

Each of the foregoing acts and omissions constitute an independent act of negligence by Sentinel and one or more or all of above-stated acts were the proximate causes of the injuries to and death of Damarion Byrd. Sentinel is liable for the wrongful death of Damarion Byrd and all damages recoverable under applicable law.

48.

Plaintiffs are entitled to an award of punitive damages because Sentinel acted unjustifiably, acted in bad faith, intentionally, with malice, gross negligence, wantonly, willfully, and/or with reckless disregard for the safety and rights of Damarion Byrd. Plaintiff Chester Byrd is accordingly entitled to recover punitive damages from Sentinel, in accordance with the enlightened conscience of an impartial jury.

49.

Sentinel's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiffs undue expense. Thus, Plaintiffs are entitled to recover their necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

50.

This action is timely filed.

51.

Sentinel has before had prior similar incidents occur.

52.

At all relevant times, Damarion Byrd was an innocent victim.

WHEREFORE, the Plaintiffs pray that:

a) Process issue as provided by law;

b) Plaintiffs be awarded actual damages in amounts to be shown at trial from Sentinel;

c) Plaintiffs be awarded past, present, and future damages permitted in an amount to be proven through the evidence at the time of trial;

d) Plaintiffs, as the surviving parent of Damarion Byrd, be awarded all damages for the wrongful death of Damarion Byrd and all general, special, compensatory, economic, and other allowable damages in accordance with the enlightened conscience of an impartial jury from Sentinel and as permitted under applicable law;

e)  Plaintiff Chester Byrd recover any and all damages allowed by law, including for conscious pain and suffering as well as punitive damages from Sentinel in accordance with the enlightened conscience of an impartial jury;

f)  Plaintiffs have a trial by jury; and

g)  Plaintiffs have such other relief as this Court deems just and proper.

TRIAL BY JURY IS HEREBY DEMANDED.

This 14th day of February, 2024.

**BRANDON SMITH LAW, LLC**

*/s/ Brandon Smith*
Brandon Smith
Georgia Bar No. 732793
**Counsel for Plaintiffs**

5425 Peachtree Parkway, NW Peachtree
Corners, Georgia 30092
Phone: (678) 831-5278
Fax: (678) 623-5790
brandon@brandonsmithlawfirm.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-01288-S6**
**2/14/2024 3:14 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| **ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually,** | **JURY TRIAL DEMANDED** |
| Plaintiffs, | **CIVIL ACTION FILE** |
| v. | **NO. _____** 24-C-01288-S6 |
| **SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II,** |  |
| Defendants. |  |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

**Sentinel Offender Services, LLC**
C/O Registered Agent: Corporation Service Company
2 Sun Court, Suite 400,
Peachtree Corners, Georgia 30092

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiffs' attorney, whose name and address is:

**Brandon Smith**
**Brandon Smith Law, LLC**
**5425 Peachtree Parkway NW**
**Peachtree Corners, GA 30092**

an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This _____ day of _____, 2024.
14th day of February, 2024

Tiana P. Garner
Clerk of State Court

By: _____
Deputy Clerk

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually,** | **JURY TRIAL DEMANDED** |
| Plaintiffs, | **CIVIL ACTION FILE** |
| v. | **NO. _____** |
| **SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II,** | |
| Defendants. | |

## <u>PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO SENTINEL OFFENDER SERVICES, LLC.</u>

COMES NOW, Chester Byrd, as anticipated Administrator of the Estate of Damarion Byrd Deceased, and Chester Byrd individually and as the surviving father of Damarion Byrd and serves these Request for Admission upon SENTINEL OFFENDER SERVICES, LLC, and requests that they be fully admitted in writing and under oath within forty-five days of the date of service. These requests for admission are served pursuant to the Georgia Civil Practice Act and are served pursuant to O.C.G.A. § 9-11-26 and 9-11-36.

<u>EACH MATTER OF WHICH AN ADMISSION IS REQUIRED SHALL BE DEMMED ADMITTED UNLESS, WITHIN THE TIME ALLOWED BY LAW AFTER SERVICE OF THESE REQUESTS, YOU SERVE PLAINTIFF WITH A WRITTEN ANSWER OR OBJECTION TO THE MATTER.</u>

You are cautioned that should you fail to admit the genuineness of any document, or the truth of any matter requested herein pursuant to the Georgia Civil Practice Act, and should Plaintiffs hereafter prove the genuineness of such document or truth of such matter, Plaintiffs will

apply to the Court for an order requiring you to pay Plaintiffs the reasonable expenses incurred by Plaintiffs in making that proof, including reasonable attorney fees. The Court must make such order unless it finds that the request was objectionable pursuant to the Georgia Civil Practice Act, or that the admission sought was of no substantial importance, or that you had reasonable grounds to believe that you might prevail on the matter, or that there was some other good reason for failure to admit the matter.

The matters requested admitted are the following:

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

2.

You have been properly served as a party defendant.

3.

Process is sufficient with regard to you in this case.

4.

Service of process is sufficient with regard to you in this case.

5.

Gwinnett County State Court has jurisdiction over the subject matter of this case.

6.

Gwinnett County State Court has personal jurisdiction over you as a party defendant in this case.

7.

Venue is proper in Gwinnett County State Court.

8.

Plaintiff states a claim upon which relief can be granted.

9.

Plaintiff has not failed to join a party under O.C.G.A. § 9-11-19.

10.

On August 1, 2019, Baldwin County Sheriff's Office entered into a Master Services Agreement (hereinafter "MSA") with Omnilink Systems, Inc. to provide electronic pretrial release monitoring services and equipment.

11.

In or around April of 2022, Sentinel acquired Omnilink Systems, Inc.

12.

In acquiring Omnilink, Sentinel acquired Omnilink's assets, liability, services, and obligations to Baldwin County Sheriff's Department.

13.

At all relevant times mentioned herein, Sentinel was to comply and fulfill its obligations set forth and governed by O.C.G.A. § 17-6-1.1 et. seq.

14.

At all relevant times mentioned herein, Sentinel was bound to fulfill its obligations set forth in the MSA and, undertook a duty to do so.

15.

Sentinel failed to properly provide the services listed in the Schedule of Services, which proximately caused the wrongful death of Damarion Byrd.

16.

On March 6, 2023, Rodracious Stephens was a Sentinel-monitored felon with over 60 prior crimes and violations spanning over 23 years, from armed robbery to drug charges.

17.

Over the course of the months that following Sentinel's engagement of monitoring Stephens it became clear that Sentinel's device had communication issues under Sentinel's control, supervision, and service.

18.

During that time, Sentinel knew or should have known that Stephens could cause harm to persons, including Damarion Byrd, given the various communication issues under Sentinel's control, supervision, and service.

19.

On or about March 6, 2023, managed to negate the services and equipment provided by Sentinel while released from Baldwin County Sheriff's confinement and under Sentinel's electronic pretrial release and monitoring program to leave his place of dwelling and travel a meaningful distance to a property adjacent to the home of Damarion Byrd, 228 Harrisburg Road, Milledgeville, Georgia.

20.

On March 6th, 2023, Stephens, while under Sentinel's electronic pretrial release and monitoring program, discharged a deadly weapon, firing over 15 bullets into the home of fifth grader Damarion Byrd.

21.

Damarion Byrd's chest was struck by one of the bullets discharged by Mr. Stephens' weapon. Damarion Byrd died from the gunshot wound inflicted by Stephens.

22.

Sentinel had a duty but failed to provide accurate and continuous real-time violation alerts of Stephens who, upon information and belief, had violated the terms and considerations of his parole orders.

23.

Sentinel had a duty but failed to report and/or track Stephens' locations, whereabouts, and provide proper alerts and warnings causing Stephens to roam freely leading to the death of Damarion Byrd.

24.

Sentinel Offender Services, LLC was negligent.

25.

Sentinel Offender Services, LLC is liable for Plaintiffs' damages proximately caused by this incident.

26.

Sentinel Offender Services, LLC was negligent per se.

27.

Sentinel Offender Services, LLC has committed prior similar acts of negligence.

28.

It is true that Sentinel Offender Services, LLC had an audit performed of regarding its services in Orange County, California.

29.

It is true that the results of that audit revealed that in some cases, up to a month, Sentinel had no idea where a probationer was.

30.

In this case, Sentinel did not know where the probationer was at or around the time Byrd was killed.

Respectfully Submitted this 14th day of February, 2024.

**BRANDON SMITH LAW, LLC**
/s/ *Brandon Smith*
Brandon Smith
Georgia Bar No. 732793
*Counsel for Plaintiffs*

5425 Peachtree Parkway, NW
Peachtree Corners, Georgia 30092
Phone: (678) 831-5278
Fax: (678) 623-5790
Brandon@brandonsmithlawfirm.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually,** | **JURY TRIAL DEMANDED** |
| Plaintiffs, | **CIVIL ACTION FILE** |
| v. | **NO. _____** |
| **SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II,** | |
| Defendants. | |

## PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT, SENTINEL OFFENDER SERVICES, LLC

Plaintiffs in the above-styled action serves these interrogatories pursuant to O.C.G.A. §9-11-33 upon Defendant Sentinel Offender Services, LLC and requests that they be answered fully, completely, and in specific detail in writing and under oath within the time as prescribed by law. Each interrogatory and request are addressed to the personal knowledge of Defendant, as well as to the knowledge, information and belief of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to answer to the fullest extent possible, he/she is required to supplement the responses he/she makes. When a question is directed to Defendants, the question is also directed to Defendants' attorneys, investigators, agents, employees, and other representatives.

You are requested not to respond to any interrogatory by referring to the responses to other interrogatories or by adoption since each and every interrogatory is subject to being introduced into evidence, and therefore, should be for this purpose complete in itself.

These interrogatories and requests are and shall be deemed to be continuing in nature so as to require supplemental answers and responses if the person(s) to whom these interrogatories are

addressed obtains further information between the time the answers are served and the time of trial.

If you contend that the number of interrogatories herein submitted exceed the number you are required by law to answer, you are hereby requested to contact Plaintiff's attorney with any objection **prior to** responding to any interrogatory.

Note: When used in these interrogatories, the term "Defendant" or any synonym thereof is intended to entail, embrace and include, in addition to the Defendant, his/her counsel of record, all agents, servants, employees, representatives, investigators, and other persons or agencies who are in possession of, or have obtained information for or on behalf of Defendant.

The terms "you" and "your" when used herein refer to Defendant.  The term "identify" when used herein in connection with natural persons means to state their full names, titles and job descriptions, if applicable, and their present business and home addresses.

The term "identify" when used herein in connection with documents means to describe the documents, setting forth their dates, titles, authors, addresses, parties and the substance thereof with such reasonable particularity as is sufficient for specific demands for production.  Documents to be identified shall include both documents in the possession, custody and control of the Defendant and all other documents of which the Defendant has knowledge.

The term "identify" when used herein in connection with oral statements and communications means to describe the statements or communications by:

(a)   stating when and where they were made;

(b)   identifying each of the makers and recipients thereof in addition to all other persons present;

(c)   indicating the medium of communication; and

(d)    stating their substance.

These interrogatories shall be deemed continuing to the extent provided by O.C.G.A. §9-11-26 (e) and supplemental answers are required to the extent Defendant obtains further information as therein provided.

## **INTERROGATORIES**

1.

When was Omnilink acquired by Sentinel Offender Services, LLC? Please describe the nature and purpose of the acquisition?

2.

What liabilities were listed on the Business Purchase Agreement between Sentinel Offender Services, LLC and Omnilink?

3.

Was there an indemnification clause in the Business Purchase Agreement between Sentinel Offender Services, LLC and Omnilink? If so, what does the indemnification clause state?

4.

Did Sentinel adopt Omnilink's Master Service Agreement with Omnilink's existing client, Baldwin County Sheriff's Office? If so, how was Baldwin County Sheriff's Office made aware of such?

5.

Describe Sentinel's process to follow up on issues or concerns regarding equipment/service provided by Sentinel to Sentinel including the individuals assigned to address any equipment complaints or concerns? Where are such complaints/concerns saved/sent to? Is a particular person in charge of addressing any complaints/concerns in this case?

6.

Describe and list the issues/concerns did Baldwin County Sheriff's Office report to Sentinel pertaining to the ankle monitors provided by Sentinel from January 1, 2019, through March 6, 2023?

7.

Was Omnilink's software upgraded, updated, or reviewed prior to Sentinel acquiring Omnilink? If so, who performed the software upgrade, update, or review? What was the purpose of the upgrade, update, or review? Please include bug fixes, efficiency, better communication.

8.

Did Sentinel review any training material provided by Omnilink to Clients, such as Baldwin County Sheriff's Office after Sentinel acquired Omnilink? If not, why not? If so, did Sentinel implement any changes to the training material provided to clients after Sentinel acquired Omnilink? If the answer is yes, what types of changes were implemented and why were such changes implemented? If not, why not?

9.

What types of charging related issues were occurring with Sentinel's ankle monitors during 2022? What caused Sentinel to address the charging related issues via email on January 28, 2022? Who makes the decision as to sending out such an email?

10.

Describe what the following alerts mean, the duration of the alerts, and what prompts such alerts:

    a.  No location;

    b.  No location clear;

    c.  No communication;

    d.  No communication clear;

    e.  Backplate tamper:

    f.  Backplate tamper clear

    g.  Low battery.

11.

When a no communication alert registers on Sentinel's system, what is the process of notifying Baldwin County Sheriff's Office?

12.

What alerts did Sentinel's system register during January 1, 2022 – March 6, 2023, for Device ID: 20255145?

13.

When Sentinel's system receives an alert, how are Baldwin County Sheriff's Officer's then alerted of an issue with an ankle monitor? Explain the time frame between Sentinel receiving an alert and Baldwin County Sheriff's Officers being notified of an issue including all follow up measures taken by Sentinel to ensure a device identifying location is functioning properly.

14.

Was FocalPoint available on Device ID: 20255145 on March 6, 2023? If so, was FocalPoint in use on Device ID: 20255145 on March 6, 2023?

15.

Who/what creates the daily executed summary sent, via email, from Omnilink/Sentinel to Baldwin County Sheriff's Office? What type of data is included in the daily executed summary? How is the daily executed summary formulated?

16.

Identify the employees of Omnilink/Sentinel who had daily contact with Baldwin County Sheriff's Officers during 2023. What type of communication were the Omnilink/Sentinel employees having with Baldwin County Sheriff's Office? For example: purchase/rental correspondence for ankle monitors, quick fix issues pertaining to the installation of the ankle monitor on a parolee.

17.

Who was/is the individual who was named to the Chief Judge or Sheriff, as the individual who shall serve as the contact person for Sentinel under O.C.G.A. § 17-6-1.1 (j)(2) from January 1, 2019 through April 1, 2023?

18.

Has Sentinel/Omnilink ever been removed (temporarily or permanently) from Baldwin County Sheriff's Office's list of approved provider of electronic pretrial release and monitoring services? If so, why?

19.

Were the Chief Judge and Sheriff made aware of the ownership change of Omnilink when Sentinel acquired Omnilink? If not, why not? If so, how and when was the change in ownership relayed?

20.

Who with the Baldwin County Sheriff's Office did Omnilink and subsequently Sentinel provide simultaneous access to all records regarding all monitoring information, GPS tracking, home confinement, and victim protection regarding each person place on electronic pretrial release and monitoring to?

21.

Explain the "high profile case assistance" service provided by Sentinel. What does the service provide? What does the service cost? When was the service available to clients?

22.

Are phone calls between Sentinel employees and customers recorded? If so, who is the custodian of the recordings? How long are the recordings saved?

23.

What is Tyler Inguanzo's job title and job descritpion at Sentinel?

24.

List and describe any reported statements, reports, or any other investigation materials in your possession.

26.

Do you intend to call an expert at trial? If so, please list the name of the expert and all findings by that expert.

27.

Do you contend that a non-party has not been named in this case? If so, who and please state the basis for that contention.

Respectfully submitted this 14th day of February 2024.

**BRANDON SMITH LAW, LLC**
/s/ Brandon Smith
BRANDON SMITH
Georgia Bar No. 732793
Counsel for Plaintiff

5425 Peachtree Parkway, NW
Peachtree Corners, Georgia 30092
Phone:(678) 906-2800
Fax: (678) 623-5790
brandon@brandonsmithlawfirm.com

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ESTATE OF DAMARION BYRD, as duly anticipated administrator and next of kin, CHESTER BYRD, and CHESTER BYRD, individually,** | **JURY TRIAL DEMANDED** |
| Plaintiffs, | **CIVIL ACTION FILE** |
| v. | **NO. _____** |
| **SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II,** | |
| Defendants. | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO DEFENDANT SENTINEL OFFENDER SERVICES, LLC**

Plaintiffs in the above-styled civil action (hereinafter "Plaintiffs") serves upon the above named Defendants the following Requests for Production of Documents.

In compliance with O.C.G.A. §9-11-34, Defendants are required to produce and permit Plaintiff to inspect and copy the designated documents. The production, inspection, copying, and all related acts shall take place at the offices of the attorney for the Plaintiffs, commencing at 10:00 am, on the first business day following the 45th day after the date you are served with this Request for Production of Documents, or any other date convenient to counsel for all parties, and continuing from day to day thereafter until inspection, copying and related acts are completed by Plaintiff.

In the alternative, Defendants may provide a true and accurate copy of the requested documents within forty-five (45) days after receipt of this Request for Production of Documents by mailing copies of the produced documents to the offices of the attorney for the Plaintiff.

Defendants are reminded of the duty to supplement the responses to this Request for Production of Documents as required by O.C.G.A. §9-11-26.

The definitions included in the Interrogatories served on Defendants are incorporated by reference and apply to the requested documents.

<u>IDENTIFICATION OF PRIVILEGED DOCUMENTS</u>

If the production of any document is withheld pursuant to a claim of a privilege, Defendant is required to provide, in lieu of production, the following identifying information on each such document; (a) title; (b) date; (c) author; (d) addressee; (e) all copy addresses; (f) a brief description of the document with sufficient specificity to reveal its subject matter; (g) the form of the document and any attachments; (h) the present location of the document; (i) the identity of the person or persons who have custody, control, or possession of the document; and (j) a statement of the basis on which the privilege is claimed.

## **<u>REQUESTS</u>**

1.

Produce the Business Purchase Agreement between Sentinel Offender Services, LLC and Omnilink.

2.

Produce the Master Service Agreement between Sentinel and Baldwin County Sheriff's Office.

3.

Produce all email correspondence between Sentinel, Omnilink, Baldwin County Sheriff's Office, and Julie Lavender from January 1, 2019, through January 1, 2024.

4.

Produce all email correspondence which references Rodracious Demaris Stephens or pertains to Mr. Stephens' ankle monitor device from January 1, 2019, through January 1, 2024.

5.

Produce the press release issued by Sentinel when Sentinel acquired Omnilink.

6.

Produce any correspondence Sentinel's software communication/alert deficiencies with Verizon from January 1, 2022- January 1, 2024.

7.

Produce any correspondence and or plan Sentinel implemented to remedy the communication/alert deficiencies with Verizon.

8.

Produce the contract for services between Sentinel and Baldwin County Sheriff's Office from January 2022 through the present date. This request includes any contract renewals to be produced.

9.

Produce all training material sent from Sentinel to Baldwin County Sheriff's Office from January 1, 2019, through the present date. This request includes videos, emails, memos, etc.

10.

Produce all daily executed summaries for February and March of 2023. This request specifically includes the daily executed summary for March 6, 2023.

11.

Produce any documents referenced to in a response to Plaintiff's First Interrogatories to Defendant, Sentinel Offender Services, LLC.

12.

Produce the records regarding all monitoring information, GPS tracking, home confinement, and victim protection regarding each person, place or electronic pretrial release and monitoring of for Device ID: 20255145 from September 1, 2022, through April 1, 2023.

13.

Produce any correspondence between Sentinel/Omnilink and Baldwin County Sheriff's Office that references:

a.   ankle monitors provided by Sentinel/Omnilink being cut off; and/or

b.   discussing the device having issues identifying the last known address of the device.

14.

Produce all work orders and updates performed on the ankle monitor with the Device ID: 20255145 from September 1, 2022, through April 1, 2023.

15.

Produce all recorded phone calls between Baldwin County Sheriff's Officer Julie Lavender and Tyler Inguanzo from March 1, 2023, through March 30, 2023.

16.

Produce all recorded emails, including email attachments between Baldwin County Sheriff's Officer Julie Lavender and Tyler Inguanzo from March 1, 2023, through March 30, 2023.

17.

Produce all recorded phone calls between Baldwin County Sheriff's Officer Julie Lavender and Talon Young from March 1, 2023, through March 30, 2023.

18.

Produce all recorded emails, including email attachments, between Baldwin County Sheriff's Officer Julie Lavender and Talon Young from March 1, 2023, through March 30, 2023.

19.

Produce all the results of the quality control surveys completed by Baldwin County Sheriff's Office of/for Sentinel from January 1, 2019, through August 1, 2023. This request specifically includes the Survey Monkey surveys.

20.

Produce all alerts/data from Device ID: 20255145 from September 26, 2022, through March 30, 2023.

21.

Produce all correspondence with any non-parties as it relates to the facts alleged in Plaintiffs' complaint.

22.

Produce the results of the audit performed on Sentinel by Orange County California.

23.

Produce the results of the audit performed by any Georgia entity on Sentinel as it relates to its monitoring services.

24.

Produce any expert report prepared in this case.

25.

Produce any prior complaints against Sentinel and its monitoring services in the past five (5) years in the state of Georgia.

26.

Produce any and all manuals, policies, procedures, and reports and it relates to Plaintiffs' Complaint.

27.

Produce all documents received pursuant to non-party requests.

Respectfully submitted this 14th day of February 2024.

**BRANDON SMITH LAW, LLC**
/s/ Brandon Smith
BRANDON SMITH
Georgia Bar No. 732793
Counsel for Plaintiff

**BRANDON SMITH LAW, LLC**
5425 Peachtree Parkway, NW
Peachtree Corners, Georgia 30092
Phone:(678) 906-2800
Fax: (678) 623-5790
brandon@brandonsmithlawfirm.com

E-FILED IN OFFICE - CB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**24-C-01288-S6**
**2/19/2024 9:42 PM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

State of Georgia                    County of Gwinnett                    State Court

Case Number: 24-C-01288-S6

Plaintiff: **Estate of Damarion Byrd, as duly anticipated administrator and next of kin, Chester Byrd, and Chester Byrd, individually**
vs.
Defendant: **Sentinel Offender Services, LLC, XYZ Corp. I-II**

For:
Brandon Smith
Brandon Smith Law, LLC
5425 Peachtree Parkway NW
Peachtree Corners, GA 30092

Received by Ancillary Legal Corporation on the 15th day of February, 2024 at 10:48 am to be served on **Sentinel Offender Services, LLC c/o Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

I, Christopher Todd Horton, being duly sworn, depose and say that on the **15th day of February, 2024** at **1:35 pm, I:**

served **Sentinel Offender Services, LLC c/o Corporation Service Company** by delivering a true copy of the **Complaint, Rule 5.2 Certificate of Service, Summons, General Civil and Domestic Relations Case Filing Information Form, Plaintiffs' First Request For Admissions to Sentinel Offender Services, LLC., Plaintiffs' First Interrogatories to Defendant, Sentinel Offender Services, LLC, Plaintiffs' First Request For Production of Documents to Defendant Sentinel Offender Services, LLC** to: Corporation Service Company as **Registered Agent, BY LEAVING THE SAME WITH** Alisha Smith as **Authorized to Accept** at the address of: **2 Sun Court, Suite 400, Peachtree Corners, GA 30092**.

**Additional Information pertaining to this Service:**
2/15/2024  1:35 pm  Perfected corporate service at 2 Sun Court Suite 400, Peachtree Corners, GA 30092, by serving Alisha Smith, CSC Coordinator.

Black female,
black hair,
40-45 years old ,
5'8", 150 lbs,
no glasses.

## AFFIDAVIT OF SERVICE For 24-C-01288-S6

I am an agent of Ancillary Legal Corporation and am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of this action and am not related to any of the parties. I am 18 or more years of age and am authorized to serve process.

**Christopher Todd Horton**
Process Server

Subscribed and Sworn to before me on the 16th
day of February , 2024 by the affiant
who is personally known to me.

**Ancillary Legal Corporation**
**2900 Chamblee Tucker Road**
**Building 13**
**Atlanta, GA 30341**
**(404) 459-8006**

NOTARY PUBLIC

Our Job Serial Number: ANC-2024002400
Ref: 24-C-01288-S6

KATHERYN H LLOYD
NOTARY PUBLIC
COBB COUNTY, GEORGIA
MY COMMISSION EXPIRES
NOVEMBER 07, 2026

**Exhibit 5:**
**Defendant's Notice of Filing Notice of Removal, Filed in State Court Action**

**EXHIBIT 5**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ESTATE OF DAMARION BYRD, as | ) | |
| Duly anticipated administrator and | ) | |
| Next of kin, CHESTER BYRD, and | ) | |
| CHESTER BYRD, individually, | ) | |
| | ) | |
| *Plaintiffs,* | ) | CIVL ACTION |
| | ) | FILE NO. 24-C-01288-S6 |
| vs. | ) | |
| | ) | |
| SENTINEL OFFENDER | ) | |
| SERVICES, LLC,XYZ Corp. I-II | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANT SENTINEL OFENDER SERVICES, LLC'S
## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Clerk, State Court of Gwinnett County, Georgia

In compliance with 28 U.S.C. § 1446(d), you are hereby notified that Defendant Sentinel

Offender Services, LLC, has filed a Notice of Removal of this action to the United States District

Court for the Northern District of Georgia, Atlanta Division. A copy of said Notice of Removal is

attached hereto as **Exhibit 1** and incorporated by reference.

Respectfully submitted this 15th day of March, 2024.

    **DREW ECKL & FARNHAM, LLP**

    */s/ Andrew D. Horowitz*
    Andrew D. Horowitz
    Georgia Bar No. 367815
    Kimberly E. Coleman
    Georgia Bar No. 585929
    *Attorneys for Defendant*

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: HorowitzA@deflaw.com
E: ColemanK@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing ***Defendant's***

***Notice of Filing of Notice of Removal*** upon all parties to this action via statutory electronic service

on their respective counsel(s) of record and by electronically filing it with the Clerk of Court using

the Court's electronic CM/ECF System as follows:

> Brandon Smith, Esq.
> Brandom Smith Law, LLC
> 5425 Peachtree Parkway NW
> Peachtree Corners, GA 30092
> brandon@brandonsmithfirm.com
> ***Attorney for Plaintiffs***

This 15th day of March, 2024.

> **DREW ECKL & FARNHAM, LLP**
>
> */s/ Andrew D. Horowitz*
> Andrew D. Horowitz
> Georgia Bar No. 367815
> ***Counsel for Defendant***

303 Peachtree Street, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
E: horowitza@deflaw.com