**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ESTATE OF DAMARION BYRD, as Duly anticipated administrator and Next of kin, CHESTER BYRD, and CHESTER BYRD, individually, | ) ) ) ) ) | |
| *Plaintiffs,* | ) ) | CIVL ACTION FILE NO. |
| vs. | ) ) | |
| SENTINEL OFFENDER SERVICES, LLC, XYZ Corp. I-II | ) ) ) | |
| | ) ) | |
| *Defendants.* | ) | |

**DEFENDANT SENTINEL OFFENDER SERVICES, LLC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, OR, IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Fed. Rule Civ. Procedure 12(b) and 12(c), Defendant Sentinel Offender Services, LLC files this Motion to Dismiss Plaintiff's Complaint or in the Alternative Motion for Judgment on the Pleadings.

Sentinel respectfully submits that it is entitled to judgment at this early stage of the litigation because the same statute upon which Plaintiffs rely in asserting their negligence claims against Sentinel also insulates Sentinel against tort liability. Under nearly identical circumstances, the Georgia Court of Appeals held that the plaintiff's complaint did not state a claim based on the immunity provision of the

very statute at issue here, and it reversed the trial court's denial of the defendant's motion to dismiss.[1]

## Summary of Argument

Under Rule 12(b)(6), a complaint must be dismissed for failure to state a claim when, assuming the truth of the allegations therein, the facts pled fail to state a claim on which relief can be granted as a matter of law.  A motion to dismiss and a motion for judgment on the pleadings are subject to a similar standard, and a Rule 12(b)(6) motion to dismiss may be considered a Rule 12(c) motion for judgment on the pleadings when filed contemporaneously with a responsive pleading – like an answer - as Sentinel has done here.[2] Here, even if the Court assumes that Plaintiffs' allegations are true, Georgia statutory law – in fact, the very statute on which Plaintiffs rely in their suit against Sentinel - expressly bars a finding of civil liability against Defendant Sentinel in this context.

Plaintiffs allege that Sentinel is a pretrial electronic monitoring company that, while under contract with the Baldwin County Sheriff's Office to provide pretrial

---

[1]    SecureAlert, Inc. v. Boggs, 345 Ga. App. 812 (2018). A true and correct copy of this opinion is attached hereto as **Exhibit 1** for the Court's review.

[2]    Brown v. Wells Fargo Bank, N.A., No. 3:17 cv-44-TCB, 2018 WL 6694921, at 2 (N.D. Ga. Dec. 3, 2018) (considering a motion to dismiss as one for judgment on the pleadings when it was filed simultaneously with the answer in reliance on established precedent).

monitoring services for various offenders, negligently performed or failed to perform its duties, proximately causing the tragic death of Damarion Byrd when Sentinel-monitored felon Rodracious Stephens fired a gun 15 times into Damarion's home, hitting him in the chest, and killing him.[3]

Plaintiffs rely on O.C.G.A. § 17-6-1.1[4] to argue that Sentinel breached the duties it owed to individuals like Damarion Byrd.  But that statute contains a provision absolving providers of electronic pretrial release and monitoring programs (like Sentinel is alleged to be) from civil liability for the criminal acts of a defendant (like Rodracious Stephens) when they are released pursuant to O.C.G.A. § 17-6-1.1:

> No defendant released under an electronic partial release and monitoring program under this Code section shall be deemed to be an agent, employee, or involuntary servant of the county or the electronic pretrial release and monitoring provider while so released … ***Neither the electronic pretrial release and monitoring provider nor the sheriff shall be civilly liable for the criminal acts of a defendant released pursuant to this Code section.***[5]

This statute, together with the seminal Court of Appeals opinion interpreting and applying it to facts nearly identical to those before this Court discussed below, renders the claims within Plaintiffs' Complaint void ab initio and subject to dismissal for failure to state a claim under Fed. R. Civ. Procedure 12(b)(6), even when the

---

[3]   Doc. 1-1 – Plaintiffs' Complaint.
[4]   This statute is attached as **Exhibit 2** for the Court's review.
[5]   O.C.G.A. § 17-6-1.1(i) (emphasis added).

allegations of the Complaint are regarded as completely truthful.

### Plaintiffs' Factual Allegations Relevant to Failure to State a Claim upon which Relief Can Be Granted

Plaintiffs' Complaint makes the following allegations, which, assuming they are well-pled, the Court should treat as factually accurate at this stage:

On September 23, 2022, the Baldwin County Sheriff's Office placed Rodracious Stephens, who had been convicted of multiple felonies by 2023, on Sentinel's electronic monitoring software platform.[6] Plaintiffs contend that, over the following months, Sentinel somehow knew or should have known that Stephens could cause harm to people, including Damarion Byrd, due to "communication issues under Sentinel's control…" on the Sentinel ankle monitoring device worn by Stephens.[7]

Plaintiffs also allege that Stephens "managed to negate the services and equipment provided by Sentinel while … under Sentinel's electronic pretrial release and monitoring program" to procure a deadly weapon.[8]  Thereafter, on or about March 6, 2023, they contend that Stephens managed to "negate" Sentinel's electronic monitoring equipment, leave his home, and "travel a meaningful distance"

---

[6]     Doc. 1-1 – Plaintiffs' Complaint, ¶ 35.
[7]     <u>Id.</u>, ¶ 36.
[8]     <u>Id.</u>, ¶ 38.

to a property adjacent to the home of Damarion Byrd.[9]  Plaintiffs' ultimate allegation is that Sentinel Offender Services, LLC - Rodracious Stephens' electronic ankle monitoring program provider – somehow proximately caused the death of Damarion Byrd when Stephens opened fire on his home.[10]

## Argument

Although Plaintiffs' negligence claims against Sentinel rest almost exclusively on O.C.G.A. § 17-6-1.1, that statute, on its face, is fatal to their action. Plaintiffs plainly allege that Sentinel is a company that provides "electronic pretrial release and monitoring services" within the meaning of O.C.G.A. § 17-6-1.1. Plaintiffs further allege that Sentinel (or its predecessor) contracted with the Baldwin County Sheriff's Office to provide such services as contemplated by O.C.G.A. §§ 17-6-1.1(a) and (b).[11]  Additionally, they contend that Sentinel negligently failed to meet the requirements of O.C.G.A. § 17-6-1.1(j), which are mandatory for any person or corporation approved to provide electronic pretrial release services.[12] Most significantly, Plaintiffs ask the Court to hold Sentinel liable for all damages recoverable by law.[13]

---

[9]   Id., ¶ 39.
[10]  Id., ¶¶ 40-42.
[11]  Id.
[12]  O.C.G.A. § 17-6-1.1(j).
[13]  See generally Doc. 1-1 – Complaint.

Notably, though, in a case of first impression involving nearly identical circumstances, the Georgia Court of Appeals reversed a trial court's order denying an electronic monitoring company defendant's motion to dismiss, determining that the tort immunity provision set forth in O.C.G.A. § 17-6-1.1(i) negated the plaintiff's action.[14] In SecureAlert v. Boggs, the plaintiff sued an electronic monitoring services company after 2 offenders on electronic pretrial release allegedly caused the death of their family member.[15]  The Court of Appeals recognized that the statute at issue – O.C.G.A. § 17-6-1.1 – authorizes a trial court to release a defendant from custody pending trial if the defendant complies with the terms and conditions of an electronic pretrial release program approved pursuant to subsection (j) of the code section.[16] But the Court of Appeals also recognized and enforced the immunity provision of O.C.G.A. § 17-6-1.1(i), which protects both sheriff departments and monitoring providers against civil and criminal liability for damages caused by released offenders.[17]

Because the SecureAlert plaintiffs argued that the immunity provision of O.C.G.A. § 17-6-1.1(i) was ambiguous in that in contained 2 conflicting sentences,

---

[14]   Ex. 1 - SecureAlert, Inc. v. Boggs, 345 Ga. App. 812 (2018).
[15]   Id. at 812.
[16]   Id.
[17]   Id. at 813.

the Court of Appeals undertook a careful assessment of the statute in its entirety, with particular focus on the issue of immunity.[18]  Ultimately, the Court of Appeals determined that the statute unambiguously insulated monitoring-service providers against tort claims arising from the criminal acts of released offenders:

> OCGA § 17-6-1.1 does not purport to confer immunity from liability for every conceivable tort that could arise from a monitoring company's business operations. By its express terms, however, the Code section confers immunity on monitoring providers from liability for the criminal acts of a supervised defendant, and the plaintiffs' claims seek to impose just such derivative liability for the criminal acts of two defendants the providers monitored. No matter how negligent the providers in this case may have been in conducting their monitoring programs, the plaintiffs would have suffered no injury absent the Prices' criminal acts, just as a visitor would not be harmed by a premises owner's negligent security until the criminal actions of the wrongdoer. The supervised defendants' criminal acts cannot be carved away from the providers' negligence as the source of the plaintiffs' theory of recovery because they are essential to establishing the required chain of but-for causation. That is, the fact that the plaintiffs have alleged that the providers were negligent in performing their statutory and contractual duties, and made it possible for the Prices to commit an act of violence in the community, does not change the fact that they seek to hold the providers derivatively liable for the criminal acts of defendants the providers were monitoring.[19]

The SecureAlert court determined that the statute's immunity provision was plain and unambiguous, and "[b]ecause O.C.G.A. § 17-6-1.1(i) shields the providers from civil liability for the criminal acts of the [shooters], [it determined] the trial

---

[18]  *See* Ex. 1 – 345 Ga. App. at 820 – 823.
[19]  Ex. 1, 345 Ga. App. at 820 – 821.

court erred in denying the [electronic monitoring company's] motion to dismiss."[20] In other words, it held as a matter of law that the immunity provision of O.C.G.A. § 17-6-1.1(i) affords clear protection from civil and criminal liability for electronic monitoring companies arising from the acts of the criminal offenders they are responsible for monitoring.

Plaintiffs seek damages against Sentinel in its alleged capacity as an electronic monitoring company for the criminal acts of an offender – namely, Rodracius Stephens – that Plaintiffs contend Sentinel was tasked with monitoring.[21] But problematic for Plaintiffs is the undisputed fact – indeed, the allegation from Plaintiffs' Complaint which is axiomatic to their negligence claim[22] - that but for Stephens's intervening criminal conduct, the underlying incident would not have occurred. In turn, it does not matter what Plaintiffs contend Sentinel did or did not do to somehow enable Stephens to carry out his crime while on supervised release. Instead, the only material fact is that Stephens carried out the crime while he was participating in a supervised release program. And this is because under O.C.G.A. § 17-6-1.1(i)'s tort-immunity provision, that is where the inquiry begins and ends.[23]

---

[20]    345 Ga. App. at 822.
[21]    *See generally,* Doc. 1-1 – Plaintiffs' Complaint.
[22]    *See, e.g.,* Id. at ¶45.
[23]    Ex. 2 – O.C.G.A. § 17-6-1.1(i).

So whatever acts of negligence Plaintiffs' may now allege against Sentinel, the Georgia Court of Appeals has unequivocally interpreted that provision to insulate alleged monitoring companies like Sentinel against tort claims arising from the criminal acts of offenders like Stephens, *even when* every single one of Plaintiffs' well-pled allegations is taken as true. In turn, and in compliance with wholly applicable precedent[24], Sentinel respectfully asks the Court to dismiss Plaintiffs' Complaint.

## Conclusion

Sentinel agrees that the death of Damarion Byrd was tragic. But governing law is clear and nonetheless unambiguous in dictating that – even taking the allegations in Plaintiffs' Complaint as true – Defendant Sentinel is afforded immunity from civil and criminal liability for the acts alleged in the Complaint.

Defendant relies upon all the pleadings and other evidence in the record of this case as further support for this Motion, and respectfully requests that this Court dismiss Plaintiffs' Complaint <u>with prejudice</u> and that all costs be taxed against Plaintiffs. Sentinel further requests a stay of discovery until such time as the Court rules upon this Motion, and defers to the Court on the issue of whether oral argument is necessary or proper. Finally, Sentinel requests whatever additional relief this

---

[24] *See* Ex. 1, Ex. 2.

Court may deem appropriate in this case.

Respectfully submitted this 15th day of March, 2024.

DREW ECKL & FARNHAM, LLP

*/s/ Kimberly Coleman*
Andrew D. Horowitz
Georgia Bar No. 367815
Kimberly E. Coleman
Georgia Bar No. 585929
*Attorneys for Defendant*

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: HorowitzA@deflaw.com
E: ColemanK@deflaw.com

- 10 -

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

Counsel for Defendant hereby certifies that the foregoing Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), specifically Times New Roman (14 point).

This 15th day of March, 2024.

**DREW ECKL & FARNHAM, LLP**

*/s/ Kimberly Coleman*
Andrew D. Horowitz
Georgia Bar No. 367815
Kimberly E. Coleman
Georgia Bar No. 585929
***Attorneys for Defendant***

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: HorowitzA@deflaw.com
E: ColemanK@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am counsel for Defendant Sentinel Offender

Services, LLC, and that I have this day served a copy of the foregoing ***Motion to***

***Dismiss or in the Alternative Motion for Judgment on the Pleadings*** upon all

parties to this matter by filing same with the Court's CM/ECF system, which will

automatically e-mail notification of same to the following counsel of record:

> Brandon Smith, Esq.
> Brandom Smith Law, LLC
> 5425 Peachtree Parkway NW
> Peachtree Corners, GA 30092
> brandon@brandonsmithfirm.com
> ***Attorney for Plaintiffs***

This 15th day of March, 2024.

DREW ECKL & FARNHAM, LLP

*/s/ Kimberly Coleman*
Kimberly E. Coleman
Georgia Bar No. 585929
***Attorney for Defendant***

303 Peachtree Street NE, Suite 3500
Atlanta, Georgia 30308
T: (404) 885-1400
F: (404) 876-0992
E: ColemanK@deflaw.com