KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

> West's Code of Georgia Annotated
>   Title 17. Criminal Procedure (Refs & Annos)
>     Chapter 6. Bonds and Recognizances (Refs & Annos)
>       Article 1. General Provisions (Refs & Annos)

Ga. Code Ann., § 17-6-1.1

§ 17-6-1.1. Electronic pretrial release and monitoring program

Effective: July 1, 2015
Currentness

(a) In addition to other methods of posting bail or as special condition of bond, a defendant may be released from custody pending the trial of his or her case on the condition that the defendant comply with the terms and conditions of an electronic pretrial release and monitoring program which is approved pursuant to subsection (j) of this Code section. The sheriff of a county may enter into agreements with such approved providers. A bonding company, bonding agent, or probation service provider may be a provider of such services.

(b) If it appears to the court that a defendant subject to its jurisdiction is a suitable candidate for electronic pretrial release and monitoring, the court may, in its sole discretion and subject to the eligibility requirements of this Code section, authorize the defendant to be released under the provisions of an electronic pretrial release and monitoring program. A judge may only authorize electronic pretrial release and monitoring if that judge has jurisdiction to set a bond for the offense charged and the defendant is otherwise eligible for bond under subsection (e) of Code Section 17-6-1. When a court of competent jurisdiction has already set bond for a defendant indicating that the defendant is otherwise eligible for release on bail pursuant to subsection (e) of Code Section 17-6-1, in addition to accepting cash in satisfaction of the bond set by a court, the court may instruct the sheriff that the defendant is to be released to an electronic pretrial release and monitoring program.

(c) The court, in its sole discretion, may revoke at any time the eligibility of any defendant to participate in the electronic pretrial release and monitoring program in which event the defendant shall be immediately returned to custody. If the defendant's case has not been assigned to a particular division of the court, the chief judge shall have such authority.

(d) A defendant may not be released to, or remain in, an electronic pretrial release and monitoring program if such defendant has any other outstanding warrants, accusations, indictments, holds, or incarceration orders from any other court, law enforcement agency, community supervision officer, county or Department of Juvenile Justice juvenile probation officer, or probation officer serving pursuant to Article 6 of Chapter 8 of Title 42 that require the posting of bond or further adjudication.

(e) A defendant released pursuant to an electronic pretrial release and monitoring program shall abide by such conditions as the court may impose relating to such program, including, but not limited to, the following:

(1) Periods of home confinement;

(2) Compliance with all requirements and conditions of the electronic pretrial release and monitoring program provider;

(3) Compliance with any court orders or special conditions of bond which may include an order directing that no contact, direct or indirect, be made with the victim or forbidding entry upon, about, or near certain premises;

(4) An order directing that the accused provide support and maintenance for the person's dependents to the best of his or her ability;

(5) Restrictions on the use of alcoholic beverages and controlled substances;

(6) Curfews;

(7) Limitations on work hours and employment;

(8) An order directing the accused to submit to test of breath, blood, or urine from time to time;

(9) Travel restrictions;

(10) An order directing that electronic pretrial release and monitoring equipment be kept in good working condition;

(11) An order directing that the person refrain from violating the criminal laws of any state, county, or municipality;

(12) An order directing timely payment of all fees connected with the electronic pretrial release and monitoring program;

(13) Payroll deductions to fund electronic pretrial release and monitoring fees;

(14) Provisions to permit reasonable medical treatment;

(15) Provisions for procuring reasonable necessities, such as grocery shopping;

(16) Provisions for attendance in educational, rehabilitative, and treatment programs; and

(17) Such other terms and conditions as the court may deem just and proper.

(f) Under no circumstances shall electronic pretrial release and monitoring equipment be introduced internally or beneath the skin of any person.

(g) In the event that a court of competent jurisdiction finds probable cause, upon oath, affirmation, or sworn affidavit, that a defendant has violated the terms or conditions of his or her electronic pretrial release and monitoring program, other than terms regarding home confinement set forth in paragraph (1) of subsection (e) of this Code section, or finds that the defendant provided false or misleading information concerning his or her qualifications to participate in the electronic pretrial release and monitoring program, including, but not limited to, name, date of birth, address, or other personal identification information, then the defendant's ongoing participation in such program shall be terminated immediately and, upon arrest of the defendant for such violation by any law enforcement officer, the defendant shall be returned to confinement at the county jail or other facility from which the defendant was released.

(h)(1) As an additional condition of electronic pretrial release and monitoring, a defendant authorized to participate in such program by the court shall pay a reasonable, nonrefundable fee for program enrollment, equipment use, and monitoring to the provider of such program. If a bonding company, bonding agent, or probation service provider is the provider, the fees earned in the capacity of being such a provider shall be in addition to the fees allowed in Code Sections 17-6-30, 42-8-34, and 42-8-102.

(2) The fees connected with the electronic pretrial release and monitoring program shall be timely paid by a defendant as a condition of his or her ongoing participation in the electronic pretrial release and monitoring program in accordance with the terms for such programs as approved by the court. Failure to make timely payments shall constitute a violation of the terms of the electronic pretrial release and monitoring program and shall result in the defendant's immediate return to custody.

(3) Defendants who have an extraordinary medical condition requiring ongoing medical treatment or indigent persons, as defined by the court, and who are selected by the court following the indigency standards established by the court may have such electronic pretrial release and monitoring fees paid by the sheriff with the consent of the governing authority.

(i) No defendant released under an electronic pretrial release and monitoring program under this Code section shall be deemed to be an agent, employee, or involuntary servant of the county or the electronic pretrial release and monitoring provider while so released, working, or participating in training or going to and from the defendant's place of employment or training. Neither the electronic pretrial release and monitoring provider nor the sheriff shall be civilly liable for the criminal acts of a defendant released pursuant to this Code section.

(j) Any person or corporation approved by the chief judge of the court and the sheriff in their discretion who meets the following minimum requirements may be approved to provide electronic pretrial release and monitoring services:

(1) The provider shall comply with all applicable federal, state, and local laws and all rules and regulations established by the chief judge and the sheriff in counties where the provider provides electronic pretrial release and monitoring services;

(2) The provider shall provide the chief judge and the sheriff with the name of the provider, the name of an individual who shall serve as the contact person for the provider, and the telephone number of such contact person;

(3) The provider shall promptly, not later than three business days after such change, notify the chief judge and sheriff of any changes in its address, ownership, or qualifications under this Code section;

(4) The provider shall provide simultaneous access to all records regarding all monitoring information, GPS tracking, home confinement, and victim protection regarding each person placed on electronic pretrial release and monitoring; and

(5) The provider shall act as surety for the bond.

(k) The sheriff shall maintain a list of approved providers of electronic pretrial release and monitoring services. The sheriff, in his or her discretion, may temporarily or permanently remove any provider from the list of approved providers should the provider:

(1) Fail to comply with the requirements of this Code section;

(2) Fail to monitor properly any defendant that the provider was required to monitor;

(3) Charge an excessive fee for use and monitoring of electronic monitoring equipment; or

(4) Act or fail to act in such a manner that, in the discretion of the sheriff, constitutes good cause for removal.

**Credits**
Laws 2009, Act 139, § 2, eff. July 1, 2009; Laws 2015, Act 73, § 5-29, eff. July 1, 2015.

Notes of Decisions (2)

Ga. Code Ann., § 17-6-1.1, GA ST § 17-6-1.1
The statutes and Constitution are current through legislation passed at the 2023 Regular Session of the Georgia General Assembly. Some sections may be more current, see credits for details. The statutes are subject to changes by the Georgia Code Commission.

Exhibit 2